```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| REGINALD DAVID LUNDY, | |
| Petitioner, | HONORABLE JEROME B. SIMANDLE |
| v. | Civil No. 08-1931 (JBS) [Relates to Cr. No. 03-354-02 (JBS)] |
| TROY LEVI *WARDEN FDC - PHILADELPHIA,* | |
| Respondent. | **MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

This matter is before the Court on the Petition of Reginald David Lundy (identified in his petition as "REGINALD DAVID: LUNDY (c)1949" and in a subsequent letter to the Court as "Nobel R. Dauud Lundi El, Bey (c) 1949") for a writ of habeas corpus. [Docket Item 1.]  THE COURT FINDS AS FOLLOWS:

1. On July 2, 2004, Lundy was convicted by a jury of one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and seven counts of passing fraudulent money orders and aiding or abetting of such acts in violation of 18 U.S.C. §§ 541(a)(2) and 2.  [Cr. Docket Item 290.]

2. Prior to his conviction, Lundy and his co-defendants moved to dismiss the indictment, arguing that the Court lacked jurisdiction over the case because of various reasons relating to the citizenship of the defendants, the territories in which the defendants resided, and on procedural grounds.  [Cr. Docket Item

79.] The Court denied the motion in an Opinion and Order dated August 15, 2003. [Cr. Docket Items 101 & 102.] Specifically, quoting from 18 U.S.C. § 3231, the Court held that it had "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." United States v. Lundy, Cr. No. 03-354-2 at *5.

3. On October 29, 2004, Lundy was sentenced to a total term of 120 months imprisonment, to be served "consecutively to the defendant's imprisonment under the civil contempt order filed by this Court on June 8, 2004[1]." [Cr. Docket Item 393.] On November 3, 2004, Lundy and several of his co-defendants, still represented by appointed trial counsel, appealed the Court's Judgment. [Cr. Docket Item 401.] The Court of Appeals for the Third Circuit affirmed this Court's judgment in a per curiam opinion on March 31, 2008. United States v. Harris et al., 271 F. App'x 188, No. 04-4281 (3d Cir. 2008). Lundy petitioned for

---

[1] During the course of the criminal proceedings against Lundy, the Court found him to be in civil contempt for continuing to send to judicial officers, court employees and attorneys documents purporting to create fraudulent liens or other financial interests. The Court ordered that Lundy be incarcerated until he purged himself of his contemptuous conduct by withdrawing the documents and renouncing any future intent to send such fraudulent materials. The Court's Contempt Order has remained in place since June 7, 2004. Mr. Lundy has unsuccessfully filed multiple petitions for habeas corpus relief from his Contempt Order. See Lundy v. Yost, Civ. No. 07-4180 (Sep. 22, 2008) (aff'd Lundy v. Yost, 2011 WL 11017 (3d Cir. Jan. 4, 2011)); Lundy v. Hollingsworth, Civ. No. 09-367 (May 15, 2009).

rehearing en banc on May 7, 2008, which was denied on June 4, 2008.

    4.  On March 7, 2008, Lundy filed the instant petition, without the assistance of counsel,[2] for a writ of habeas corpus in the Eastern District of Pennsylvania, where he was being held at the time.  [Docket Item 1.]  In his petition, Lundy argues that his confinement is unlawful because the Court lacked original jurisdiction over his criminal action, and requests to be released on bail pending the Court's decision.

    5.  The District Court for the Eastern District of Pennsylvania, interpreting Lundy's petition as challenging the legality of this Court's sentence, construed the petition as having been brought pursuant to 28 U.S.C. § 2255,[3] and

---

   [2] Lundy has objected to the Court's use of the term pro se to describe his filings submitted without the assistance of an attorney, preferring, instead, to be described as "unrepresented."  See Aug. 3, 2009 Letter from Petitioner: "Let the record show that that [sic]  I Reginald David:Lundy (c) 1949 am not Pro-Se and I am "UNREPRESENTED." [Docket Item 12.]  Because the Court interprets the terms "unrepresented" and "pro se" as synonymous in this context, and Lundy offers no reason why the distinction is significant, the Court will continue to use the term pro se in this case.  See Black's Law Dictionary (9th ed. 2009) (defining "pro se" as "for oneself; on one's own behalf; without a lawyer").

   [3] 28 U.S.C. § 2255 provides in part that: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,

transferred the case to this Court on March 20, 2008. [Docket Item 2.] Thereafter, on April 25, 2008, the Court advised Lundy that it was construing his petition as a first petition challenging his conviction and incarceration under § 2255, and providing him with an opportunity to either (1) have his petition ruled upon as filed (under § 2255) with the warning that he will be unable to subsequently file a second or successive § 2255 petition, or (2) withdraw the petition and refile an amended petition including any and all potential claims challenging his conviction. [Docket Item 4.] In a letter dated April 24, 2008, Lundy responded to the transfer of his petition to this Court in a letter addressed to the District Court for the Eastern District of Pennsylvania, objecting to its characterization of his petition as being brought pursuant to § 2255, and insisting instead that it was brought pursuant to the All Writs Act of 28 U.S.C. § 1651(a) and the Suspension Clause of the United States Constitution.[4] [Docket Item 5.]

    6. Receiving no direct response to its April 25, 2008 Order permitting Lundy to withdraw or refile his petition, the Court ordered the Respondent to answer the Petition on August 13, 2008. [Docket Item 6.] The government, responding on behalf of the United States of America, filed a response in opposition to

---

set aside or correct the sentence." 28 U.S.C. § 2255(a).

    [4] U.S. Const. art. 1, § 9, cl. 2.

Lundy's petition on September 29, 2008.  [Docket Item 7.]  The Court provided Lundy with an opportunity to reply until October 31, 2008.  [Docket Item 8.]  Nearly one year later, the Court received a letter from Lundy, dated July 27, 2009, in which Lundy again objected to the recharacterization of his petition as a § 2255 petition[5] challenging the validity of his sentence, but did not otherwise respond meaningfully to the government's answer.  Significantly, Lundy did not withdraw his petition after receiving the Court's notice that, if ruled upon as filed, the Court would construe the petition as seeking relief under § 2255.

7.  The Court construes Lundy's petition as seeking relief authorized under 28 U.S.C. § 2255, as he seeks to vacate the sentence imposed on him on the basis of an alleged lack of jurisdiction.  Indeed, the Court could not construe Lundy's petition any other way, as "a motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence." Frazier-el v. Bureau of Prisons, 376 Fed. Appx. 164, 165 (3d Cir. 2010) (citing Davis v. United States, 417 U.S. 333, 343-44 (1974)).  There is a

---

[5] Specifically, Lundy wrote that "Petitioner respectfully requests that the Writ of Habeas Corpus filed in the above-captioned cause be ruled upon as filed, in that this Court not recharacterize the § 2241 petition as a motion pursuant to § 2251." (July 27, 2009 Letter to the Court, Docket Item 12.)  The Court interprets Lundy to mean § 2255 rather than § 2251, as there has been no suggestion that the Court has contemplated entering a stay of any state court proceedings as authorized under 28 U.S.C. § 2251.

rare exception to this general rule when a § 2255 petition would be "inadequate or ineffective."  28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  Lundy has not argued, much less demonstrated, that construing his petition under § 2255 would subject his claim to any limitation, and the Court concludes that the "inadequate" exception is inapplicable in this case.  Consequently, the Court will consider Lundy's petition as a § 2255 on the merits of his claim.

    8.  The Court first notes that, as Lundy is proceeding without a lawyer, the Court will hold his petition to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Such a petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).  Additionally, the Court notes that a § 2255 petition may be denied without an evidentiary hearing when files and records show conclusively that the prisoner is entitled to no

relief.  28 U.S.C. § 2255.

   9.  The government's first argument in opposition to Lundy's petition is that the petition should be denied because his claim for relief -- that the Court lacked original jurisdiction to hear his criminal case -- was not raised on direct appeal.  The Court agrees with the government that Lundy's challenge to his conviction on jurisdictional grounds was not raised in his direct appeal.  See United States v. Harris et al., 271 F. App'x 188, 189-90, No. 04-4281 (3d Cir. 2008) (listing appellants' nine arguments on appeal, none of which mention the Court's jurisdiction).

   10.  Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."  Massaro v. United States, 538 U.S. 500, 504 (2003).  One of the ways a convicted defendant can show justifying cause is by demonstrating ineffective assistance of counsel.  United States v. Mannino, 212 F.3d 835, 840 (3d Cir. 2000).  In the present case, Lundy has not argued that the Court should permit his jurisdictional argument because of ineffective assistance of counsel.  However, construing Lundy's briefs liberally, the Court notes that Lundy attached to his July 27, 2009 letter to the Court a letter, dated March 13, 2009, sent to Troy Archie, Esq., Mr. Lundy's counsel at trial and on appeal. [Docket Item 12, at 4-5.]  In the March 13 letter, Lundy accuses

7

Mr. Archie of "gross ineffective assistance of counsel" for failing to raise at trial or on appeal eight different arguments involving various inapplicable commercial doctrines. Thus, liberally construing Lundy's pro se filings, the Court concludes that Lundy plausibly raises the issue of ineffective assistance of counsel.

    11.  However, a claim of ineffective assistance of counsel requires two showings. Strickland v. Washington, 466 U.S. 668 (1984). First, Petitioner must show that his counsel's performance was deficient. Strickland, 466 U.S. at 687. Petitioner must then show that as a result of the deficient performance, he was ultimately prejudiced. Strickland, 466 U.S. at 687. In the instant case, Lundy fails to establish either of these prongs. Even were Lundy to establish that Mr. Archie's failure to raise the incomprehensible arguments he lists in his letter constitutes a "deficiency" (which it does not), the Court notes that none of these arguments constitute a jurisdictional challenge akin to the one Lundy now raises. Thus, Lundy cannot show that his collateral challenge was prejudiced by Mr. Archie's failure to raise the eight arguments listed in the March 13, 2009 letter, as even had Mr. Archie done so, Lundy would still be barred from now raising the new jurisdictional argument not raised on direct appeal. Consequently, the Court will deny Lundy's § 2255 Petition because it is based on a claim not raised

on direct appeal without cause.

    12.  Alternatively, even were the Court to consider Lundy's new jurisdictional argument, it would deny the claim as meritless.  Lundy's sole ground to challenge his conviction rests on the claim that the Court lacked original jurisdiction because of an alleged fifty-year-old defect in the Court's original jurisdiction under 18 U.S.C. § 3231.  Specifically, Petitioner claims that the statute which was codified as 18 U.S.C. § 3231 was passed improperly by the 80th Congress in 1947 and 1948, rendering the statute "unconstitutional on [its] face".  (Pet. at 5.)  As the Third Circuit and several other courts have held:

> This argument is without merit. Section 3231 of title 18 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Therefore, where an indictment charges a defendant with violating the laws of the United States, § 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1948. See United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006). The statute relied upon for jurisdiction in this case was properly enacted and is binding. Even if the 1948 amendment to § 3231 were somehow defective, the District Court would retain jurisdiction over this case because the predecessor to § 3231, which Petitioner does not challenge, provides for such jurisdiction as well. Id. at 311.

United States v. Abdullah, 289 F. App'x 541, 543 n.1 (3d Cir.

9

2008).  The Court finds this reasoning persuasive.  Consequently, the Court will deny Lundy's Petition.  This Court holds that 18 U.S.C. § 3231 is constitutional, and that the Court therefore had original jurisdiction over Lundy's criminal action.

    13.  The Court, having determined that it will deny Lundy's petition for a writ of habeas corpus, will consequently deny Lundy's application for bail as moot.  The accompanying Order will be entered.


**April 26, 2011**                        **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                              United States District Judge